## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LINDA TELLIS,                                    )
individually and on behalf of the class          )    FILED: MAY 16, 2008
defined herein,                                  )    08CV2854   RCC
                                                 )    JUDGE DARRAH
              Plaintiff,                          )    MAGISTRATE JUDGE COX
                                                 )
       vs.                                       )
                                                 )
CSGA, LLC;                                       )
BRONSON & MIGLIACCIO, LLP,                       )
H. BRUCE BRONSON, JR. and                        )
RICHARD J. MIGLIACCIO,                           )
                                                 )
              Defendants.                         )

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     This action seeks redress for the conduct of defendants, a debt buyer and a collection law firm, in filing collection actions on purported debts to which the debt buyer did not have lawful title.  The two general partners of the law firm are also named as defendants.

2.     There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

3.     There are multiple  reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt.  Smith v. Mallick, 514 F.3d 48 (D.C.Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result).  See also, Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D.Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D.Ill. 2000), where the debtor claimed he settled with one

1

agency and was then dunned by a second for the same debt, and <u>Northwest Diversified, Inc. v. Desai</u>, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

4.    In <u>Wood v. M&J Recovery LLC</u>,. CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D.N.Y., April 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved.  Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

5.    In <u>Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C.</u>, IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D.Ind., April 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

6.    An article that appeared in the trade press shortly before the extension of the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up accounts to collect on. Too small to buy portfolios directly from major credit issuers, they look to the secondary market where portfolios are resold in smaller chunks that they can handle.
>
> But what they sometimes find in the secondary market are horror stories: The same portfolio is sold to multiple buyers; the seller doesn't actually own the portfolio put up for sale; half the accounts are out of statute; accounts are rife with erroneous information; access to documentation is limited or nonexistent. . . . .

Corinna C. Petry, <u>Do Your Homework; Dangers often lay hidden in secondary market debt portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty surprises</u>, Collections & Credit Risk, March 2007, pg. 24 Vol. 12 No. 3.

7.    Courts have also dismissed  numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts.   <u>In re Foreclosure Cases,</u>

1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D.Ohio. 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D.Ohio, Dec. 27, 2007); NovaStar Mortgage, Inc. v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D.Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc. v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D.Ohio., Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D.Ohio., Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App. March 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., January 30, 2008); HSBC Bank USA, N.A., v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

       8.    Debt buyer American Acceptance filed a lawsuit alleging that a broker of charged-off debts sold it debts to which it did not have title. American Acceptance Co. v. Goldberg, 2:08cv9 (N.D.Ind.). Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D.Fla., filed Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank, Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D.Fla.,

3

Jan. 24, 2008).  The same debt broker is accused in another complaint of selling 6,521 accounts

totaling about $40 million face value which it did not own. RMB Holdings, LLC v. Goldberg &

Associates, LLC, 3:07-cv-00406 (E.D.Tenn., filed Oct. 29, 2007).  Other debt buyers have voiced

similar complaints.  "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April

2008, p. 8.

       9.     In order to protect Illinois residents against this sort of abuse, the Illinois

Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as

"collection agencies".  This makes applicable the special assignment requirements in ICAA §8b,

225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was required

to but did not have such an assignment does not have a valid claim and that the defendants in such

a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257;

698 N.E.2d 702 (4th Dist. 1998).

      10.    Section 8b of the ICAA provides:

**Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**(i) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

**(d) No assignment shall be required by any agreement to list a debt**

with a collection agency as an account for collection.

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .

11.    Furthermore, the assignment must be attached to the complaint. Candice Co. v. Ricketts, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

12.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . . "   735 ILCS 5/2-403(a).

13.    Defendant CSGA, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

14.    Defendant Bronson & Migliaccio, LLP files the lawsuits on behalf of CSGA, LLC.

15.    In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f, and ICAA §9.

## VENUE AND JURISDICTION

16.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

17.    Venue and personal jurisdiction in this District are proper because:

   a.    Defendants' collection communications and activities impacted plaintiff within this District;

   b.    Each defendant does business or is located within this District.

## PARTIES

18.    Plaintiff is an individual who resides in the Northern District of Illinois.

19.    Defendant CSGA, LLC is a limited liability company organized under the law of Delaware with offices at 2200 Fletcher Avenue, 5th floor, Fort Lee, New Jersey.

20.    Defendant Bronson & Migliaccio, LLP is a law firm organized as a limited liability partnership with offices in about 12 states, including at 799 Roosevelt Road, Building 6, Suite 316A, Glen Ellyn, IL 60137.  Its main office is at 2200 Fletcher Avenue, 5th floor, Fort Lee, New Jersey.

21.    Defendant CSGA, LLC does business in Illinois.  Its registered agent and office are Registered Agent Solutions Inc., 1 West Old State Capitol Plaza, Suite 805, Springfield, IL 62701.

22.    Defendant CSGA, LLC is engaged in the business of purchasing charged-ff consumer debts and enforcing the debts against the consumers.

23.    On information and belief, defendant CSGA, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

24.    Defendant CSGA, LLC regularly uses the mails and telephones to collect debts.

25.    Defendant CSGA, LLC has been the plaintiff in more than 100 lawsuits filed in Illinois since January 1, 2008 and seeking to collect consumer debts.

26.    Because the purported obligations were originally owed to other entities and were charged off prior to purchase,  CSGA, LLC is a "debt collector" as defined in the FDCPA.

27.    CSGA, LLC is also a "collection agency" as defined in the ICAA.

28.    Defendant Bronson & Migliaccio, LLP regularly engages in the collection of purported consumer debts allegedly owed to others, including particularly CSGA, LLC.  It represents on its Web site,  http://bronsonmigliaccio.com/about_us.html, that it "is a leader in law firm asset recovery" and that "We specialize in the recovery of charged off credit card debt purchased by our clients directly from the banks generating the credit cards. We utilize two methodologies of collections: pre-litigation and litigation."

29.    Defendant Bronson & Migliaccio, LLP has filed over 100 lawsuits in

6

Illinois on behalf of CSGA, LLP since January 1, 2008.

   30. Defendant Bronson & Migliaccio, LLP is a debt collector as defined in the FDCPA.

   31. On information and belief, based on computer records of corporate filings, defendants H. Bruce Bronson, Jr. and Richard J. Migliaccio are the general partners of Bronson & Migliaccio, LLP. The acts of Bronson & Migliaccio, LLP are attributable to them.

## FACTS RELATING TO PLAINTIFF

   32. On or about April 8, 2009, CSGA, LLC, represented by Bronson & Migliaccio, LLP, filed suit against plaintiff Linda Tellis in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. CSGA, LLC claimed to have purchased the debt.

   33. The complaint did not attach any sort of assignment.

   34. On information and belief, defendants did not have an assignment that complied with §8b of the Collection Agency Act.

   35. Defendants therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

## FACTS – GENERAL

   36. Defendants CSGA, LLC, represented by defendant Bronson & Migliaccio, LLP regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

   37. Defendants knows or should know CSGA, LLC has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

   38. On information and belief, based on a computer search of court records, defendants have filed over 100 such lawsuits.

7

## CLASS ALLEGATIONS

39.    Plaintiff brings this action on behalf of two classes, A and B, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

40.    Class A consists of (a) all individuals (b) against whom defendant CSGA, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

41.    Class B consists of (a) all individuals (b) against whom defendant Bronson & Migliaccio, LLP filed a collection lawsuit (c) in Illinois (d) on behalf of CSGA, LLC or any other debt buyer (e) subsequent to January 1, 2008, (f) without attaching to the complaint an assignment that complied with §8b of the ICAA.

42.    Each class (which may be coterminous) is so numerous that joinder of all members is not practicable.

43.    On information and belief, there are at least 40 individuals against whom defendant CSGA, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

44.    On information and belief, there are at least 40 individuals against whom defendant Bronson & Migliaccio, LLP filed a collection lawsuit in Illinois on behalf of CSGA, LLC or any other debt buyer subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

45.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.    Whether defendants engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA.

      b.    Whether such lawsuits are therefore subject to a defense of which

defendants knows or should know about.

      c.      Whether such practice is an unfair or deceptive.

      d.      Whether defendant CSGA violates the ICAA.

46.      Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

47.      Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

48.      A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

49.      Plaintiff incorporates paragraphs 1-48.

50.      This claim is on behalf of both classes against both defendants.

51.      The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

52.      Since <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D.Ala. 1987),  "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay  has been a violation of the FDCPA.

53.      In addition, by filing suit defendants misrepresents that it has proper title to the debt and the right to file suit, when this is not true.

54.    Section 1692e provides:

§ 1692e.    False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)    The false representation of--

(A)    the character, amount, or legal status of any debt; . . .

(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

55.    Section 1692f provides:

§ 1692f.    Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1)    Statutory damages;

(2)    Actual damages;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

56.    Plaintiff incorporates paragraphs 1-48.

57.    This claim is on behalf of Class A against CSGA, LLC.

58.    Defendant is a "collection agency" as defined in the ICAA. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection

agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same." Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same". By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendants who buy charged-off debts for their own account.

      59.    Defendant violated 225 ILCS 425/8b by filing suit without attaching an assignment in the form specified therein.

      60.    Defendant negligently or knowingly violated the following provisions of 225 ILCS 425/9:

> **. . .(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**   . . .

      61.    A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

      62.    Plaintiff and the members of the class were damaged as a result.

      WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendant:

      a.    Compensatory, punitive and nominal damages, as appropriate;

      b.    Costs.

      c.    Such other and further relief as is appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

      63.    Plaintiff incorporates paragraphs 1-48.

      64.    This claim is on behalf of Class A against CSGA, LLC.

      65.    Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

      66.    Defendant engaged in such conduct in the course of trade and commerce.

      67.    Defendant engaged in such conduct for the purpose of obtaining money

11

from and injuring the credit of plaintiff and others.

68.    Plaintiff and the members of the class were damaged as a result.

69.    The filing of collection lawsuits is regularly picked up and reported by credit bureaus.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.    Actual damages;

b.    Punitive damages;

c.    An injunction against further violations;

d.    Attorney's fees, litigation expenses and costs of suit;

e.    Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

T:\21400\Pleading\Complaint_Pleading.wpd

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)