**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA TELLIS, | ) | |
| individually and on behalf of the class | ) | |
| defined herein, | ) | 08-cv-2854 |
| | ) | |
| Plaintiff, | ) | Judge Darrah |
| | ) | Magistrate Judge Cox |
| vs. | ) | |
| | ) | |
| CSGA, LLC; | ) | |
| BRONSON & MIGLIACCIO, LLP, | ) | |
| H. BRUCE BRONSON, JR. and | ) | |
| RICHARD J. MIGLIACCIO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants CSGA, LLC, Bronson & Migliaccio, LLP. ("B&M"), H. Bruce Bronson, Jr. ("Bronson") and Richard J. Migliaccio ("Migliaccio"). This memorandum is submitted in support of that motion.

## I.     NATURE OF THE CASE

This action seeks redress for the conduct of defendant, a debt buyer, in filing collection actions on purported debts to which it did not have lawful title. In order to protect Illinois residents against being sued for the same debts twice, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies". This makes applicable the licensing requirements of the ICAA and the special assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment. Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

Section 8b of the ICAA provides:

**Sec. 8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**( i) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

**(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**

**(e) No litigation shall commence in the name of the licensee as plaintiff unless: ( i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

The assignment must be attached to the complaint. Candice Co. v. Ricketts, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996). In addition, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . . " 735 ILCS 5/2-403(a).

Defendant CSGA, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims. Defendant CSGA, LLC has been the plaintiff in more than 100 lawsuits filed in Illinois since January 1, 2008 and seeking to collect consumer debts. See Appendix A-B.

In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f, and ICAA §9. Finally, plaintiff alleges

that the practices described above constitutes both  unfair and deceptive acts and practices, in violation of  §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2

## II.    THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors".    15 U.S.C. §1692(e).  It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998); Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

In enacting the FDCPA, Congress recognized the  --

**universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . .  [T]he vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.**

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697.

The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996); Gammon v. GC Services, LP, 27 F.3d 1254 (7th Cir. 1994).  The standard is an objective one  --  whether the plaintiff or any class member was misled is not an element of a cause of action.  "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F.Supp. 383, 392 (D.Del. 1991).

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. Cirkot

v. Diversified Fin. Services, Inc., 839 F.Supp. 941 (D. Conn. 1993).

> **The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.**

N.C. Freed Co. v. Board of Governors, 473 F.2d 1210, 1214 (2d Cir. 1973).

Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir.1997); Baker, 677 F.2d at 780-1; Woolfolk v. Van Ru Credit Corp., 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); Cacace v. Lucas, 775 F. Supp. 502 (D. Conn. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 177 (W.D.N.Y. 1988); Kuhn v. Account Control Technol., 865 F. Supp. 1443, 1450 (D.Nev. 1994); In re Scrimpsher, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982); In re Littles, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988), aff'd as modified sub nom. Crossley v. Lieberman, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. Crabill v. Trans Union, L.L.C., 259 F.3d 662, 666 (7th Cir. 2001); Baker, 677 F.2d at 780; Whatley v. Universal Collection Bureau, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981). "Congress intended the Act to be enforced primarily by consumers . . . ." FTC v. Shaffner, 626 F.2d 32, 35 (7th Cir. 1980). "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them . . . ." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." Cacace v. Lucas, 775 F. Supp. at 505. Accord, Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003); Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir.2000).

## III.    STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers.  As the court stated in <u>Eshaghi v. Hanley Dawson Cadillac Co.</u>, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of consumer protection.  . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups.  The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting.  The alternatives to the class action  -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective.  The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.** (574 N.E.2d at 764, 766)

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases.  As a result, numerous FDCPA class actions have been certified.  <u>Shea v. Codilis</u>, 99 C 57, 2000 WL 336537, 2000 U.S. Dist. LEXIS 4131 (N.D. Ill. Mar. 27, 2000); <u>Roe v. Publishers Clearing House</u>, 98 C 330, 1999 WL 966977, 1999 U.S. Dist. LEXIS 16249 (N.D. Ill. Sept. 30, 1999); <u>Vines v. Sands</u>, 188 F.R.D. 302 (N.D. Ill. 1999); <u>Nielsen v. Dickerson</u>, 98 C 5909, 1999 WL 350694, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 19, 1999); <u>Sledge v. Sands</u>,182 F.R.D. 255 (N.D. Ill. 1998); <u>Shaver v. Trauner</u>, C.A. 97-1309, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31, 1998); <u>Davis v. Suran</u>, 98 C 656, 1998 WL 474105, 1998 U.S. Dist. LEXIS 12233 (N.D. Ill. July 31, 1998); <u>Francisco v. Doctors & Merchants Credit Service, Inc.</u>, 98 C 716, 1998 WL 474107, 1998 U.S. Dist. LEXIS 12234 (N.D. Ill., July 29, 1998); <u>Keele v. Wexler & Wexler</u>, 95 C 3483, 1996 WL 124452,  1996 U.S. Dist. LEXIS 3253 (N.D. Ill., March 18, 1996), <u>aff'd</u>, 149 F.3d 589 (7th Cir. 1998); <u>Wells v. McDonough</u>, 97 C 3288, 1998 WL 160876, 1998 U.S. Dist. LEXIS 4441 (N.D. Ill. Mar. 23, 1998); <u>Miller v. Wexler & Wexler</u>, 97 C 6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill. Feb. 5, 1998); <u>Wilborn  v. Dun & Bradstreet</u>, 180 F.R.D. 347  (N.D. Ill. 1998); <u>Arango v. GC Services LP</u>, 97 C 7912, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. 1998) (misleading collection letters); <u>Avila v Van Ru Credit Corp.</u>,94 C 3234, 1995 WL 683775,

1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), aff'd, Avila v. Rubin, supra, 84 F.3d 222; Carr v. Trans Union Corp., C.A. 94-22, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); Colbert v. Trans Union Corp., C.A. 93-6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. 1995) (same); Gammon v. GC Services, L.P., 162 F.R.D. 313 (N.D. Ill. 1995) (similar); Zanni v. Lippold, 119 F.R.D. 32, 35 (C.D. Ill. 1988); West v. Costen, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices and addition of unauthorized fees); Cheqnet Systems, Inc. v. Montgomery, 322 Ark. 742, 911 S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); Brewer v. Friedman, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993); Duran v. Credit Bureau of Yuma, Inc., 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

## IV.    THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### A.    Rule 23(a)(1) -- Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive . . . ." Riordan, 113 F.R.D. at 62.    Where the class numbers at least 40, joinder is generally considered impracticable. Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); Riordan, 113 F.R.D. 60 (10-29 sufficient); Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 463 (E.D.Pa. 1968) (25 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (about 70).    It is not necessary that the precise number of class members be known.    "A class action may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982); Lewis

v. Gross, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).

The court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1992), §7.22.A.

For example,  it is reasonable to infer that the number of class members exceeds the minimum necessary from the use by a large collection agency of a form letter.  Swiggett v. Watson, 441 F. Supp. 254, 256 (D.Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, fact that Department of Motor Vehicles issued printed form for such transfer in and of itself sufficient to show that numerosity requirement was satisfied); Westcott v. Califano, 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); Carr, 1995 U.S. Dist. LEXIS 567 (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); Colbert, 1995 U.S. Dist. LEXIS 578 (same); Keele, 1996 U.S. Dist. LEXIS 3253.

Here, the volume of cases filed by defendant (Appendix A-B), coupled with its practice of omitting an assignment that complies with ICAA §8b, makes it reasonable to infer numerosity.

**B.**      **Rules 23(a)(2) and 23(b)(3) – Predominance of common questions of law or fact**

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law *or* fact.  Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate

over questions pertaining to individual members.

These requirements are normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy.  Halverson v. Convenient Food Mart, Inc., 69 F.R.D. 331, 334 (N.D.Ill. 1974).  Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."  Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); accord, Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D.Ill. 1988); Carroll v. United Compucred Collections, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *43-44 (M.D.Tenn.  Nov. 15, 2002), adopted in pertinent part, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn.,  Mar. 31, 2003), aff'd, 399 F.3d 620 (6th Cir. 2005); Wahl v. Midland Credit Mgmt., 06 C 1708, 2007 U.S. Dist. LEXIS 39626, *14-15 (N.D.Ill., May 30, 2007); Smith v. Nike Retail Services, Inc., 234 F.R.D. 648, 659 (N.D.Ill. 2006).  The authorities hold that cases dealing with the legality of standardized documents or conduct are  generally appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis.  Halverson, supra, 69 F.R.D. at 334-336; Haroco v. American Nat'l Bank, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper computation of interest); Kleiner v. First Nat'l Bank, 97 F.R.D. 683, 692 (N.D.Ga. 1983) (same); Heastie v. Community Bank, 125 F.R.D. 669, 675 (N.D.Ill. 1989)  (execution of home improvement financing documents in sequence that evaded consumers' rescission rights);  Carroll v. United Compucred Collections, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *47-48 (M.D.Tenn.  Nov. 15, 2002) (collection practices).

In this case, the "common nucleus of operative fact," Halverson, 69 F.R.D. at  335, is that defendant filed lawsuits against the members of the class without attaching an assignment that complies with ICAA §8b.  This conduct gives rise to the predominant common question of whether the statements complained of  violate the FDCPA, ICAA and ICFA.

The only individual issue is the identification of the class members, a matter capable of ministerial determination from defendant's records, the records of its attorneys, or court files.

Questions readily answerable from defendant's files do not present an obstacle to class certification. <u>Heastie v. Community Bank</u>, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

In any event, the Seventh Circuit has held that the need for "separate proceedings of some character . . . to determine the entitlements of the individual class members to relief" should "not defeat class treatment of the question whether defendants violated [the law]." <u>Carnegie v. Household Int'l, Inc.</u>, 376 F.3d 656, 661 (7th Cir. 2004). "Once that question is answered, if it is answered in favor of the class, a global settlement . . . will be a natural and appropriate sequel. And if there is no settlement, that won't be the end of the world. Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues. Those solutions include (1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to class member concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class." <u>Id.</u>

**C.      Rule 23(a)(3) -- Typicality**

The rule requires that the claims of the named plaintiff be typical of the claims of the class:

> **A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.**

<u>De La Fuente v. Stokely-Van Camp, Inc.</u>, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the plaintiff.

**D.    Rule 23(a)(4) -- Adequacy of representation**

The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class.  That protection involves two factors:  (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class.  Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 247 (3d Cir. 1975); In re Alcoholic Beverages Litigation, 95 F.R.D. 321.

Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Appendix C, which sets forth counsel's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class.  Here, both plaintiff and the class members seek money damages as the result of defendant's unlawful collection practices.  Given the identity of claims between plaintiff and the class members, there is no potential for conflicting interests in this action.  There is no antagonism between the interests of the named plaintiff and those of the class.

**E.    Rule 23(b)(3)  --  Class action is superior to other
available methods of resolving this controversy**

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented.  Eovaldi v. First Nat'l Bank, 57 F.R.D. 545 (N.D. Ill. 1972).  The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy.  Scholes, 143 F.R.D. at 189; Hurwitz v. R.B. Jones Corp., 76 F.R.D. 149 (W.D.Mo. 1977).  It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims

which might be brought by each individual debtor.  The vast majority of debtors are undoubtedly unaware that their rights are being violated.  In addition, persons from whom defendant is attempting to collect allegedly delinquent debts are, by definition, unlikely to be able to pay to retain counsel to protect their rights on an individual basis.

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit.  This is particularly important where, as here, a large number of small and medium sized claimants may be involved.  In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action.  As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis.  These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiff to pool claims which would be uneconomical to litigate individually.')  The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 628-629 (E.D.Pa 1994).

Class certification will provide an efficient and appropriate resolution of the controversy.  Zanni, 119 F.R.D. 32.

## V.    CONCLUSION

The proposed class meets the requirements of Rules 23(a) and (b)(3).  Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21400\Pleading\P's Memo in Support of Class Cert_Pleading.wpd

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on May 21, 2008, the foregoing document was filed electronically.  A copy of the foregoing document was sent via U.S. Mail to:

**CSGA, LLC**
c/o Registered Agent Solutions Inc.
1 West Old State Capitol Plaza, Suite 805
Springfield, IL 62701

**BRONSON & MIGLIACCIO, LLP**
799 Roosevelt Road
Building 6, Suite 316A
Glen Ellyn, IL 60137

**RICHARD J. MIGLIACCIO**
Bronson & Migliaccio, LLP
2200 Fletcher Avenue, 5th floor
Fort Lee, NJ 07024

**H. BRUCE BRONSON, JR**
Bronson & Migliaccio, LLP
2200 Fletcher Avenue, 5th floor
Fort Lee, NJ 07024

s/ Daniel A. Edelman
Daniel A. Edelman

13

# APPENDIX A



*Dorothy Brown*

# Clerk *of the* Circuit Court
### *Cook County*

*Division: Civil*
**Click on Case Number for Case Information Summary**

Name Search Results for: CSGA

| Case Number | Plaintiff | Defendant | Date Filed |
|---|---|---|---|
| 2008-M1-128580 | CSGA LLC | ALVARADO JOSE | 04/08/2008 |
| 2008-M1-128581 | CSGA LLC | MALIK MAHAMMAD | 04/08/2008 |
| 2008-M1-128582 | CSGA LLC | CHUNG CHI WON | 04/08/2008 |
| 2008-M1-128583 | CSGA LLC | MIK HENRYK | 04/08/2008 |
| 2008-M1-128584 | CSGA LLC | PHILLIPS PATRICIA | 04/08/2008 |
| 2008-M1-128585 | CSGA LLC | TELLIS LINDA | 04/08/2008 |
| 2008-M1-128587 | CSGA LLC | PRUETT RAYMOND | 04/08/2008 |
| 2008-M1-128588 | CSGA LLC | HARRIS MARY | 04/08/2008 |
| 2008-M1-128590 | CSGA LLC | DUDEK THERESE | 04/08/2008 |
| 2008-M1-128591 | CSGA LLC | VENTURA RICKY | 04/08/2008 |
| 2008-M1-128592 | CSGA LLC | MENDOZA RHODORA | 04/08/2008 |
| 2008-M1-128593 | CSGA LLC | CARDONA LUIS | 04/08/2008 |
| 2008-M1-128594 | CSGA LLC | GAVOS ATHANASIOS | 04/08/2008 |
| 2008-M1-128596 | CSGA LLC | JAMIESON JOAN | 04/08/2008 |
| 2008-M1-128603 | CSGA LLC | MONROE VIVIAN | 04/08/2008 |
| 2008-M1-128604 | CSGA LLC | MANDA TURER | 04/08/2008 |
| 2008-M1-127161 | CSGA LLC | MASON WALLINE | 04/03/2008 |
| 2008-M1-127170 | CSGA LLC | FLOWERS MARY | 04/03/2008 |
| 2008-M1-127195 | CSGA LLC | YONDORF JOHN | 04/03/2008 |
| 2008-M1-127196 | CSGA LLC | AVELAR MANUEL | 04/03/2008 |
| 2008-M1-127197 | CSGA LLC | VELASQUEZ DULLIER | 04/03/2008 |
| 2008-M1-127198 | CSGA LLC | NORRIS SHERRY | 04/03/2008 |
| 2008-M1-127199 | CSGA LLC | PEREZ-DELGADO MARI | 04/03/2008 |
| 2008-M1-127200 | CSGA LLC | MAULDIN FREDDIE | 04/03/2008 |
| 2008-M1-127201 | CSGA LLC | HOLLEY TERESA | 04/03/2008 |
| 2008-M1-127202 | CSGA LLC | JOHNSON DUSTIN | 04/03/2008 |

| | | | |
|---|---|---|---|
| 2008-M1-127203 | CSGA LLC | HALL WYCONDA | 04/03/2008 |
| 2008-M1-127204 | CSGA LLC | FLEMING JOHN | 04/03/2008 |
| 2008-M1-127206 | CSGA LLC | SILVA ROBERTO | 04/03/2008 |
| 2008-M1-127207 | CSGA LLC | LUBERDA THOMAS | 04/03/2008 |
| 2008-M1-127208 | CSGA LLC | PERKINS PAMELA | 04/03/2008 |
| 2008-M1-127209 | CSGA LLC | MYLES INGRID | 04/03/2008 |
| 2008-M1-127210 | CSGA LLC | MOORE DEBRA | 04/03/2008 |
| 2008-M1-127211 | CSGA LLC | ARREZ ERNESTO | 04/03/2008 |
| 2008-M1-127212 | CSGA LLC | BEAL DENISE | 04/03/2008 |
| 2008-M1-127213 | CSGA LLC | DRINANE PAULINE | 04/03/2008 |
| 2008-M1-127214 | CSGA LLC | MCLEAN LOREN | 04/03/2008 |
| 2008-M1-127215 | CSGA LLC | CARTER DENISE | 04/03/2008 |
| 2008-M1-127216 | CSGA LLC | MAIDA RALPH | 04/03/2008 |
| 2008-M1-127218 | CSGA LLC | ZAROTYNSKA WALTER | 04/03/2008 |
| 2008-M1-127219 | CSGA LLC | HULSMAN ALAN | 04/03/2008 |
| 2008-M1-127222 | CSGA LLC | SAMIS ERIKA | 04/03/2008 |
| 2008-M1-127223 | CSGA LLC | PATEL SAMIRKUMAR | 04/03/2008 |
| 2008-M1-115839 | CSGA LLC | NARVAEZ JUDITH | 02/26/2008 |
| 2008-M1-115844 | CSGA LLC | MONSON GERTRUDE | 02/26/2008 |
| 2008-M1-115846 | CSGA LLC | COOK WILLESTER | 02/26/2008 |
| 2008-M1-115847 | CSGA LLC | PITTS ETHEL | 02/26/2008 |
| 2008-M1-115850 | CSGA LLC | KHAN CHANTAL | 02/26/2008 |
| 2008-M1-115851 | CSGA LLC | JEZIORKOWSKI KATHY | 02/26/2008 |
| 2008-M1-115853 | CSGA LLC | HAGANS ARLANA | 02/26/2008 |
| 2008-M1-115854 | CSGA LLC | ZAIDI SYED R | 02/26/2008 |
| 2008-M1-115855 | CSGA LLC | RYOO DUCK | 02/26/2008 |
| 2008-M1-115857 | CSGA LLC | DUVNJAK JANKO | 02/26/2008 |
| 2008-M1-115858 | CSGA LLC | SUBOTIC BRANKICA | 02/26/2008 |
| 2008-M1-115859 | CSGA LLC | KANDILERAKIS ANTON | 02/26/2008 |
| 2008-M1-115864 | CSGA LLC | HIBBLER MAGENA | 02/26/2008 |
| 2008-M1-115865 | CSGA LLC | KIM HUI | 02/26/2008 |
| 2008-M1-115867 | CSGA LLC | PERSON SUSAN | 02/26/2008 |
| 2008-M1-115870 | CSGA LLC | MELTOW THOMAS | 02/26/2008 |
| 2008-M1-115871 | CSGA LLC | ALI MOHAMMED | 02/26/2008 |
| 2008-M1-115872 | CSGA LLC | FEGANS BRITTANY | 02/26/2008 |
| 2008-M1-115873 | CSGA LLC | POTTER JAMES F | 02/26/2008 |
| 2008-M1-115876 | CSGA LLC | JOHNSON JONATHAN | 02/26/2008 |
| 2008-M1-115878 | CSGA LLC | LUCIOBURCIAGA GABR | 02/26/2008 |

| | | | |
|---|---|---|---|
| 2008-M1-115883 | CSGA LLC | LAPIETRA JAMES | 02/26/2008 |
| 2008-M1-115884 | CSGA LLC | GONZALEZ JUAN | 02/26/2008 |
| 2008-M1-109261 | CSGA LLC | RONGA ANITA | 02/05/2008 |
| 2008-M1-109292 | CSGA LLC | BEASLEY BOBBIE | 02/05/2008 |
| 2008-M1-109298 | CSGA LLC | BENSINGER WESLEY | 02/05/2008 |
| 2008-M1-109308 | CSGA LLC | PETROPOULOS BARBAR | 02/05/2008 |
| 2008-M1-109317 | CSGA LLC | CHANTHAROJWONGSE T | 02/05/2008 |
| 2008-M1-109319 | CSGA LLC | ZEMAITIS AUDRIUS | 02/05/2008 |
| 2008-M1-109320 | CSGA LLC | TYLER PATRICK | 02/05/2008 |
| 2008-M1-109322 | CSGA LLCF | SAN VICENTE SALVAD | 02/05/2008 |
| 2008-M1-109325 | CSGA LLC | TATUM WILLINE | 02/05/2008 |
| 2008-M1-109326 | CSGA LLC | BOLINE VERA | 02/05/2008 |
| 2008-M1-109327 | CSGA LLC | MULKERRINS THOMAS | 02/05/2008 |
| 2008-M1-109329 | CSGA LLC | SAUCEDA ROSALINA | 02/05/2008 |
| 2008-M1-109330 | CSGA LLC | HONORE MARIE | 02/05/2008 |
| 2008-M1-109332 | CSGA LLC | AVILES NORMA | 02/05/2008 |
| 2008-M1-109333 | CSGA LLC | DONNELLY PATRICK | 02/05/2008 |
| 2008-M1-109334 | CSGA LLC | GRADINARU DEBORA | 02/05/2008 |
| 2008-M1-109340 | CSGA LLC | RUHDEEN JEAN | 02/05/2008 |
| 2008-M1-109341 | CSGA LLC | ULEWICZ DARIUSZ | 02/05/2008 |
| 2008-M1-109342 | CSGA LLC | VARGHEFE THOMAS | 02/05/2008 |
| 2008-M1-109344 | CSGA LLC | NICHOLS FREDRICK | 02/05/2008 |
| 2008-M1-109353 | CSGA LLC | ADAMONIS AUDRIUS | 02/05/2008 |
| 2008-M1-109361 | CSGA LLC | HUSNI KHALED | 02/05/2008 |
| 2008-M1-109362 | CSGA LLC | WILKINS WILLIE | 02/05/2008 |
| 2008-M1-109363 | CSGA LLC | HOYLE HELEN | 02/05/2008 |
| 2008-M1-109364 | CSGA LLC | BERGQUIST SANDRA | 02/05/2008 |
| 2008-M1-109365 | CSGA LLC | TAYLOR HELEN | 02/05/2008 |
| 2008-M1-109366 | CSGA LLC | RUSSELL CHERYL | 02/05/2008 |
| 2008-M1-109367 | CSGA LLC | BURKS SAMUEL | 02/05/2008 |
| 2008-M1-109368 | CSGA LLC | MATUS CESAR | 02/05/2008 |
| 2008-M1-109369 | CSGA LLC | CAMPBELL BOBBY | 02/05/2008 |
| 2008-M1-109370 | CSGA LLC | REYES LINDA | 02/05/2008 |
| 2008-M1-109371 | CSGA LLC | IBARDALOZA AMADOR | 02/05/2008 |
| 2008-M1-109372 | CSGA LLC | POWELL VERONICA | 02/05/2008 |
| 2008-M1-109373 | CSGA LLC | MUSKA DUANE | 02/05/2008 |
| 2008-M1-109374 | CSGA LLC | MAITRE SARAH | 02/05/2008 |
| 2008-M1-105306 | CSGA LLC | BLEAKLEY BRIAN | 01/23/2008 |

| | | | |
|---|---|---|---|
| 2008-M1-105332 | CSGA LLC | PICKENS SAM | 01/23/2008 |
| 2008-M1-105343 | CSGA LLC | REYNOLDS PHILLIP | 01/23/2008 |
| 2008-M1-105345 | CSGA LLC | SEFERIAN MANOUG | 01/23/2008 |
| 2008-M1-105346 | CSGA LLC | CARROLL BELINDA | 01/23/2008 |
| 2008-M1-105347 | CSGA LLC | DOUGLAS JESSIE | 01/23/2008 |
| 2008-M1-105348 | CSGA LLC | SAVCHENKO SERGIY | 01/23/2008 |
| 2008-M1-105349 | CSGA LLC | MURPHY EUGENE | 01/23/2008 |
| 2008-M1-105352 | CSGA LLC | FERNANDEZ FREDDIE | 01/23/2008 |
| 2008-M1-105353 | CSGA LLC | THOMAS JOHNNY | 01/23/2008 |
| 2008-M1-105354 | CSGA LLC | AVERY RUTH | 01/23/2008 |
| 2008-M1-105356 | CSGA LLC | NEAL MARY | 01/23/2008 |
| 2008-M1-105357 | CSGA LLC | DELFIN GERINO | 01/23/2008 |
| 2008-M1-105359 | CSGA LLC | PEREZ ELISEO | 01/23/2008 |
| 2008-M1-105360 | CSGA LLC | GILLARD TOMMIE | 01/23/2008 |
| 2007-M1-257115 | CSGA LLC | GARCIA ROLENDO | 12/28/2007 |
| 2007-M1-257116 | CSGA LLC | RANDALL MICHAEL | 12/28/2007 |
| 2007-M1-257117 | CSGA LLC | BARRETT ALLEN | 12/28/2007 |
| 2007-M1-257118 | CSGA LLC | PITTS CICELY | 12/28/2007 |
| 2007-M1-257119 | CSGA LLC | TEKIELA ANDRZEJ | 12/28/2007 |
| 2007-M1-257120 | CSGA LLC | HERNANDEZ JOSE | 12/28/2007 |
| 2007-M1-257121 | CSGA LLC | GELSZINNUS RAMONA | 12/28/2007 |
| 2007-M1-257122 | CSGA LLC | SHOEMAKER KASEY | 12/28/2007 |
| 2007-M1-257123 | CSGA LLC | IVANOV IVAN | 12/28/2007 |
| 2007-M1-257124 | CSGA LLC | FABIAN ELIZABETH | 12/28/2007 |
| 2007-M1-257125 | CSGA LLC | BOWLING DAVID | 12/28/2007 |
| 2007-M1-257127 | CSGA LLC | FLORES DAISY | 12/28/2007 |
| 2007-M1-257128 | CSGA LLC | AGUILAR ROSA | 12/28/2007 |
| 2007-M1-257130 | CSGA LLC | HODO GLENICE | 12/28/2007 |
| 2007-M1-257131 | CSGA LLC | WILLIAMS EDDIE | 12/28/2007 |
| 2007-M1-257132 | CSGA LLC | POWE BERNICE | 12/28/2007 |
| 2007-M1-257133 | CSGA LLC | TAYLOR LARRY | 12/28/2007 |
| 2007-M1-257134 | CSGA LLC | VEZINA EMMA | 12/28/2007 |
| 2007-M1-257135 | CSGA LLC | MACK KATIE | 12/28/2007 |
| 2007-M1-257137 | CSGA LLC | VO DAVID | 12/28/2007 |
| 2007-M1-257139 | CSGA LLC | HENSLEY ROBERT | 12/28/2007 |
| 2007-M1-257145 | CSGA LLC | FOWLER KIM | 12/28/2007 |
| 2007-M1-257146 | CSGA LLC | OCALLAGHAN MATTHEW | 12/28/2007 |
| 2007-M1-257147 | CSGA LLC | GALLOWAY RICHARD | 12/28/2007 |

| | | | |
|---|---|---|---|
| 2007-M1-220668 | CSGA LLC | WINDEY MATTHEW | 12/05/2007 |
| 2007-M1-220677 | CSGA LLC | BALICE MICHAEL | 12/05/2007 |
| 2007-M1-220684 | CSGA LLC | JAVAN GILA | 12/05/2007 |
| 2007-M1-220694 | CSGA LLC | VALTAIR VALKYRIE | 12/05/2007 |
| 2007-M1-220702 | CSGA LLC | OMARI LINA | 12/05/2007 |
| 2007-M1-220704 | CSGA LLC | ZAVALA ISMAEL | 12/05/2007 |
| 2007-M1-220705 | CSGA LLC | CHESTER JUANITA | 12/05/2007 |
| 2007-M1-220706 | CSGA LLC | HAJDUK HENRYK | 12/05/2007 |
| 2007-M1-220707 | CSGA LLC | LICUDINE ELFLIDA | 12/05/2007 |
| 2007-M1-220708 | CSGA LLC | SHATILOV ALEXANDR | 12/05/2007 |
| 2007-M1-220801 | CSGA LLC | LAZENBY JOHNNY | 12/05/2007 |
| 2007-M1-220811 | CSGA LLC | PAOLELLA FRANK | 12/05/2007 |
| 2007-M1-216384 | CSGA LLC | MICHAEL HAUPT | 11/20/2007 |
| 2007-M1-216399 | CSGA LLC | HEREDIA HUSTAVO | 11/20/2007 |
| 2007-M1-216408 | CSGA LLC | AMAYA JUANA | 11/20/2007 |
| 2007-M1-216432 | CSGA LLC | WILLIAMS WALTER | 11/20/2007 |
| 2007-M1-216436 | CSGA LLC | HUNT DALE | 11/20/2007 |
| 2007-M1-216444 | CSGA LLC | HALL JOEL | 11/20/2007 |
| 2007-M1-216447 | CSGA LLC | MAODUSH PAMELA | 11/20/2007 |
| 2007-M1-216455 | CSGA LLC | DELARCHE RAYMOND | 11/20/2007 |
| 2007-M1-216462 | CSGA LLC | RODRIGUEZ JAIME | 11/20/2007 |
| 2007-M1-216471 | CSGA LLC | PEREZ MARVIN | 11/20/2007 |
| 2007-M1-216479 | CSGA LLC | KELLY IRENE | 11/20/2007 |
| 2007-M1-216484 | CSGA LLC | PAIRS ROBERT | 11/20/2007 |
| 2007-M1-216489 | CSGA LLC | TAPIA ERNESTO | 11/20/2007 |
| 2007-M1-216492 | CSGA LLC | SPENCER ROBERTA | 11/20/2007 |
| 2007-M1-216495 | CSGA LLC | ALLEN EDDIE | 11/20/2007 |
| 2007-M1-216496 | CSGA LLC | HERERA MARTIN | 11/20/2007 |
| 2007-M1-213492 | CSGA LLC | CUNNINGHAM ELIZABE | 11/13/2007 |
| 2007-M1-213493 | CSGA LLC | THOMAS VERNA | 11/13/2007 |
| 2007-M1-213494 | CSGA LLC | RODRIGUEZ VIRGEN | 11/13/2007 |
| 2007-M1-213495 | CSGA LLC | RANDLE ODESSA | 11/13/2007 |
| 2007-M1-213496 | CSGA LLC | MURPHY STACY | 11/13/2007 |
| 2007-M1-213497 | CSGA LLC | WHIGHAM CAROLYN | 11/13/2007 |
| 2007-M1-213498 | CSGA LLC | BOND DINAH | 11/13/2007 |
| 2007-M1-213502 | CSGA LLC | ASONGWE IGNATIUS | 11/13/2007 |
| 2007-M1-213503 | CSGA LLC | CUMMINGS BEATRICE | 11/13/2007 |
| 2007-M1-213504 | CSGA LLC | OLAYIDE FOLAJUWON | 11/13/2007 |

| 2007-M1-213505 | CSGA LLC | POKORNY KEITH | 11/13/2007 |
|---|---|---|---|
| 2007-M1-213506 | CSGA LLC | ADVANI RAMESH | 11/13/2007 |
| 2007-M1-213507 | CSGA LLC | KIM MONICA | 11/13/2007 |
| 2007-M1-213508 | CSGA LLC | MCCLINTOCK KARA | 11/13/2007 |
| 2007-M1-213509 | CSGA LLC | LIPMAN MARY | 11/13/2007 |
| 2007-M1-213510 | CSGA LLC | CHAN DANIEL | 11/13/2007 |
| 2007-M1-204530 | CSGA LLC | COSMANO MICHELLE | 10/19/2007 |
| 2007-M1-204531 | CSGA LLC | RODRIGUEZ LISA | 10/19/2007 |
| 2007-M1-197690 | CSGA LLC | SMITH BRANDON | 10/01/2007 |
| 2007-M1-197692 | CSGA LLC | CARRAO GERALD | 10/01/2007 |
| 2007-M1-196406 | CSGA LLC | JOHNSON NORMA | 09/27/2007 |
| 2007-M1-196407 | CSGA LLC | BROWN JORGE | 09/27/2007 |
| 2007-M1-196408 | CSGA LLC | BEERTALMIO JAMIE | 09/27/2007 |
| 2007-M1-196409 | CSGA LLC | COAR VALENCIA | 09/27/2007 |
| 2007-M1-196410 | CSGA LLC | BASILE NICHOLAS | 09/27/2007 |
| 2007-M1-196411 | CSGA LLC | BRUNNER ROBERT | 09/27/2007 |
| 2007-M1-196412 | CSGA LLC | COLLILNS COLESTINE | 09/27/2007 |
| 2007-M1-196413 | CSGA LLC | ANDERSON DAVID | 09/27/2007 |
| 2007-M1-196417 | CSGA LLC | ALEXANDER JONATHAN | 09/27/2007 |
| 2007-M1-196422 | CSGA LLC | BUCKNER CAROLYN | 09/27/2007 |
| 2007-M1-196423 | CSGA LLC | ADAMS MARY D | 09/27/2007 |
| 2007-M1-196433 | CSGA LLC | SERPA ROBERTO | 09/27/2007 |
| 2007-M1-196440 | CSGA LLC | NAVIWALA AFSHAN Y | 09/27/2007 |
| 2007-M1-196457 | CSGA LLC | MARES ANGEL | 09/27/2007 |
| 2007-M1-196458 | CSGA LLC | EVIA FLORIDA | 09/27/2007 |
| 2007-M1-196460 | CSGA LLC | EVIA FLORIDA | 09/27/2007 |
| 2007-M1-196467 | CSGA LLC | CROWLEY DIANA | 09/27/2007 |
| 2007-M1-196489 | CSGA LLC | BAUER VICTORIA | 09/27/2007 |
| 2007-M1-196492 | CSGA LLC | DOBY FRED | 09/27/2007 |
| 2007-M1-190149 | CSGA LLC | ROSALES MARTHA | 09/11/2007 |
| 2007-M1-190150 | CSGA LLC | PERRY ALYSEA | 09/11/2007 |
| 2007-M1-190151 | CSGA LLC | RUDNY EWA | 09/11/2007 |
| 2007-M1-190152 | CSGA LLC | ZAFAR IQBAL | 09/11/2007 |
| 2007-M1-190153 | CSGA LLC | KOUTSOUKOS ANASTAS | 09/11/2007 |
| 2007-M1-190154 | CSGA LLC | IBRAHIM NIDAL | 09/11/2007 |
| 2007-M1-190156 | CSGA LLC | BROWDER LEZLIE S | 09/11/2007 |
| 2006-M1-188867 | CSGA LLC | LESTER DIANE | 11/14/2006 |

Return to Search Page

# APPENDIX B

1. ADAMS;HELEN, 08LM 0000052, 2/11/2008, JUDGMENT, PEORIA COUNTY, ILLINOIS
CSGA LLC
**BRONSON & MIGLIACCIO**

2. BENNETT;NICOLE, et al., 08SC 0000031, 1/29/2008, JUDGMENT, KANE COUNTY, ILLINOIS
CSGA

3. BLANTON;TERENCE, 08SC 0000084, 2/14/2008, JUDGMENT, MACON COUNTY, ILLINOIS
CSGA LLC

4. BLUM;WILLIAM, 08SC 0001222, 4/22/2008, JUDGMENT, LAKE COUNTY, ILLINOIS
CSGA LLC

5. CALABRESE;MICHAEL, 08SC 0001306, 3/24/2008, JUDGMENT, WILL COUNTY, ILLINOIS
CSGA LLC

6. CSGA LLC v. KOLB;KIM, 08AR 0000021, 1/4/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

7. CSGA LLC v. KANTA;RITA, 08SC 0002234, 3/17/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

8. CSGA LLC v. BARTOLOTTA;FARO, 08SC 0002235, 3/17/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

9. CSGA LLC v. LOPEZ;HORACIO, 08SC 0002236, 3/17/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

10. CSGA LLC v. TURCOTTE;SUZANNE, 08SC 0002238, 3/17/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

11. CSGA LLC v. HAMRICK;WILLLIAM, 08SC 0000169, 1/4/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

12. CSGA LLC v. ROSE;ED, 08SC 0000553, 2/8/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
CSGA LLC

13. CSGA LLC v. TROY;VALERIE, 08SC 0000561, 2/11/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
CSGA LLC

14. CSGA LLC v. RONGA; ANITA, 08M1 0109261, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
CSGA LLC

15. CSGA LLC v. BEASLEY; BOBBIE, 08M1 0109292, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST
MUNICIPAL DISTRICT
CSGA LLC

16. CSGA LLC v. BENSINGER; WESLEY, 08M1 0109298, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS -
1ST MUNICIPAL DISTRICT
CSGA LLC

17. CSGA LLC v. PETROPOULOS; BARBARA, 08M1 0109308, 2/5/2008, CIVIL SUIT, COOK COUNTY,
ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

18. CSGA LLC v. CHANTHROJWONGSE; TANATPHOL, 08M1 0109317, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

19. CSGA LLC v. ZEMAITIS; AUDRIUS, 08M1 0109319, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

20. CSGA LLC v. TYLER; PATRICK, 08M1 0109320, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

21. CSGA LLC v. SAN VICENTE; SALVADOR, 08M1 0109322, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

22. CSGA LLC v. BOLINE; VERA, 08M1 0109326, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

23. CSGA LLC v. MULKERRINS; THOMAS, 08M1 0109327, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

24. CSGA LLC v. SAUCEDA; ROSALINA, 08M1 0109329, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

25. CSGA LLC v. HONORE; MARIE, 08M1 0109330, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

26. CSGA LLC v. AVILES; NORMA, 08M1 0109332, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

27. CSGA LLC v. DONNELLY; PATRICK, 08M1 0109333, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

28. CSGA LLC v. GRADINARU; DEBORA, 08M1 0109334, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

29. CSGA LLC v. RUHDEEN; JEAN, 08M1 0109340, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

30. CSGA LLC v. ULEWICZ; DARIUSZ, 08M1 0109341, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

31. CSGA LLC v. VARGHEFE; THOMAS, 08M1 0109342, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

32. CSGA LLC v. NICHOLS; FREDRICK, 08M1 0109344, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

33. CSGA LLC v. ADAMONIS; AUDRIUS, 08M1 0109353, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

34. CSGA LLC v. WILKINS; WILLIE, 08M1 0109362, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

35. CSGA LLC v. HOYLE; HELEN, 08M1 0109363, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

36. CSGA LLC v. BERGQUIST; SANDRA, 08M1 0109364, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

37. CSGA LLC v. TAYLOR; HELEN, 08M1 0109365, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

38. CSGA LLC v. RUSSELL; CHERYL, 08M1 0109366, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

39. CSGA LLC v. BURKS; SAMUEL, 08M1 0109367, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

40. CSGA LLC v. MATUS; CESAR, 08M1 0109368, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

41. CSGA LLC v. CAMPBELL; BOBBY, 08M1 0109369, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

42. CSGA LLC v. REYES; LINDA, 08M1 0109370, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

43. CSGA LLC v. IBARDALOZA; AMADOR, 08M1 0109371, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

44. CSGA LLC v. POWELL; VERONICA, 08M1 0109372, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

45. CSGA LLC v. MUSKA; DUANE, 08M1 0109373, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

46. CSGA LLC v. MAITRE; SARAH, 08M1 0109374, 2/5/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

47. CSGA LLC v. MALIK; MAHAMMAD, 08M1 0128581, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

48. CSGA LLC v. CHUNG; CHI WON, 08M1 0128582, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

49. CSGA LLC v. MIK; HENRYK, 08M1 0128583, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

50. CSGA LLC v. PHILLIPS; PATRICIA, 08M1 0128584, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

51. CSGA LLC v. TELLIS; LINDA, 08M1 0128585, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

52. CSGA LLC v. PRUETT; RAYMOND, 08M1 0128587, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

53. CSGA LLC v. HARRIS; MARY, 08M1 0128588, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

54. CSGA LLC v. DUDEK; THERESE, 08M1 0128590, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

55. CSGA LLC v. MENDOZA; RHODORA, 08M1 0128592, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

56. CSGA LLC v. CARDONA; LUIS, 08M1 0128593, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

57. CSGA LLC v. GAVOS; ATHANASIOS, 08M1 0128594, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

58. CSGA LLC v. MONROE; VIVIAN, 08M1 0128603, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

59. CSGA LLC v. MANDA; TURER, 08M1 0128604, 4/8/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
CSGA LLC

60. CSGA LLC v. NARVAEZ; JUDITH, 08M1 0115839, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

61. CSGA LLC v. MONSON; GERTRUDE E, 08M1 0115844, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

62. CSGA LLC v. COOK; WILLESTER, 08M1 0115846, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

63. CSGA LLC v. PITTS; ETHEL, 08M1 0115847, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

64. CSGA LLC v. KHAN; CHANTAL, 08M1 0115850, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

65. CSGA LLC v. JEZIORKOWSKI; KATHY, 08M1 0115851, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

66. CSGA LLC v. HAGANS; ARLANA, 08M1 0115853, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

67. CSGA LLC v. ZAIDI; SYED, 08M1 0115854, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

68. CSGA LLC v. RYOO; DUCK, 08M1 0115855, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

69. CSGA LLC v. DUVNJAK; JANKO, 08M1 0115857, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

70. CSGA LLC v. SUBOTIC; BRANKICA, 08M1 0115858, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

71. CSGA LLC v. KANDILERAKIS; ANTONIA, 08M1 0115859, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

72. CSGA LLC v. HIBBLER; NAGENA, 08M1 0115864, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

73. CSGA LLC v. KIM; HUI, 08M1 0115865, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

74. CSGA LLC v. PERSON; SUSAN, 08M1 0115867, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

75. CSGA LLC v. MELTOW; THOMAS J, 08M1 0115870, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

76. CSGA LLC v. ALI; LAL, 08M1 0115871, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

77. CSGA LLC v. PEGANS; BRITTANY, 08M1 0115872, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

78. CSGA LLC v. POTTER; F JAMES, 08M1 0115873, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

79. CSGA LLC v. JOHNSON; JONATHAN, 08M1 0115876, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

80. CSGA LLC v. LUCIOBURCIAGA; GABRIELA, 08M1 0115878, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

81. CSGA LLC v. LAPIETRA; JAMES, 08M1 0115883, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

82. CSGA LLC v. GONZALEZ; JUAN, 08M1 0115884, 2/26/2008, CIVIL SUIT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL DISTRICT
**CSGA** LLC

83. CSGA LLC v. HURTADO;MARIA, 08SC 0001864, 4/7/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
**CSGA** LLC

84. CSGA LLC v. GREEN;RUTHIE, 08SC 0001865, 4/7/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
**CSGA** LLC

85. CSGA LLC v. HAVERTY;SEAN, 08SC 0002454, 3/24/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
**CSGA** LLC

86. CSGA LLC v. BURKS;GABRIELLE, 08SC 0002455, 3/24/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
**CSGA** LLC

87. CSGA LLC v. GOODMAN;JOANN, 08SC 0001300, 2/13/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
**CSGA** LLC

88. CSGA LLC v. YOUNG;ERIN, 08SC 0001301, 2/13/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
**CSGA** LLC

89. CSGA LLC v. ZAMBRANO;RICARDO, 08SC 0001302, 2/13/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
**CSGA** LLC

90. CSGA LLC v. RODRIGUEZ;AURTHER, 08SC 0001304, 2/13/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
CSGA LLC

91. CSGA LLC v. CALABRESE;MICHAEL, 08SC 0001306, 2/13/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
CSGA LLC

92. CSGA LLC v. VILLARREAL;ESTELLA, 08SC 0001236, 4/4/2008, CIVIL SUIT, MCHENRY COUNTY,
ILLINOIS
CSGA LLC

93. CSGA LLC v. SPENCE;KIMBERLY, 08SC 0001237, 4/4/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
CSGA LLC

94. CSGA LLC v. STERN;LISA, 08SC 0001238, 4/4/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
CSGA LLC

95. CSGA LLC v. JULIANO;ANTHONY, 08SC 0001239, 4/4/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
CSGA LLC

96. CSGA LLC v. BLUM;WILLIAM, 08SC 0001222, 2/8/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

97. CSGA LLC v. GRISALES;DAMARIS, 08SC 0001225, 2/8/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

98. CSGA LLC v. SANCHEZ;OLEGARIO, 08SC 0001227, 2/8/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

99. CSGA LLC v. WILSON;LEO, 08SC 0001229, 2/8/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

100. CSGA LLC v. MERCADO;LUIS, 08SC 0001231, 2/8/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

101. CSGA LLC v. SCHNEIDER;DAVID, 08SC 0001260, 2/8/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
CSGA LLC

102. CSGA LLC v. KOMISTRA;STEPHANIE, 08SC 0001010, 2/26/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA LLC

103. CSGA LLC v. HOWARD;BETTY, 08SC 0001011, 2/26/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA LLC

104. CSGA LLC v. THOMAS;JERRY, 08SC 0001012, 2/26/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA LLC

105. CSGA LLC v. MANDRELLE;RICHARD, 08SC 0001351, 3/12/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA LLC

106. CSGA LLC v. WHITEHORN;RENATA, 08SC 0001352, 3/12/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA LLC

107. CSGA LLC v. STOMBRES;MARGARET, et al., 08SC 0001355, 3/12/2008, CIVIL SUIT, KANE COUNTY,
ILLINOIS
CSGA LLC

108. CSGA v. BENNETT;NICOLE, et al., 08SC 0000031, 1/2/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS

CSGA

109. CSGA v. ELAM;JASON, 08SC 0000027, 1/2/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

110. CSGA v. GRAF;JAMES, 08SC 0001350, 3/12/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

111. CSGA v. HERRERA;JULIO, 08SC 0000030, 1/2/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

112. CSGA v. MAYBERRY;LARRY, 08SC 0001353, 3/12/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

113. CSGA v. PANTOJA;ALEJANDRO, 08SC 0000028, 1/2/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

114. CSGA v. PISZCZEK;ADAM, 08SC 0000033, 1/2/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

115. CSGA v. RODRIGUEZ;ANGELAC, 08SC 0000035, 1/2/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

116. CSGA v. SCHILDGEN;PHILLIP, 08SC 0000039, 1/2/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

117. CSGA v. WITT;CARL H, 08SC 0000122, 1/4/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
CSGA

118. ELAM;JASON, 08SC 0000027, 1/29/2008, JUDGMENT, KANE COUNTY, ILLINOIS
CSGA

119. GRISALES;DAMARIS, 08SC 0001225, 4/22/2008, JUDGMENT, LAKE COUNTY, ILLINOIS
CSGA LLC

120. HADLEY;GAYLA, 08SC 0000258, 2/15/2008, JUDGMENT, SANGAMON COUNTY, ILLINOIS
CSGA LLC

121. HOWARD;BETTY, 08SC 0001011, 4/2/2008, JUDGMENT, KANE COUNTY, ILLINOIS
CSGA LLC

122. MOORE;ANTONETTE, 08AR 0000031, 2/19/2008, JUDGMENT, ST. CLAIR COUNTY, ILLINOIS
CSGA LLC
BRONSON & MIGLIAICCIO LLP

123. PICKENS; SAM, 08M1 0105332, 3/6/2008, JUDGMENT, COOK COUNTY, ILLINOIS - 1ST MUNICIPAL
DISTRICT
CSGA LLC
BRONSON & MIGLIACCIO

124. PISZCZEK;ADAM, 08SC 0000033, 1/29/2008, JUDGMENT, KANE COUNTY, ILLINOIS
CSGA

125. POPE;TRUMAN, 08LM 0000008, 4/8/2008, JUDGMENT, KANKAKEE COUNTY, ILLINOIS
CSGA LLC

126. RODRIGUEZ;ANGELAC, 08SC 0000035, 1/29/2008, JUDGMENT, KANE COUNTY, ILLINOIS

**CSGA**

127. STEAR;RONALD, 08SC 0000118, 2/11/2008, JUDGMENT, PEORIA COUNTY, ILLINOIS
**CSGA LLC**
**BRONSON & MIGLIACIIO**

128. SUPRENANT;ARMAND, 08SC 0000046, 2/1/2008, JUDGMENT, KANKAKEE COUNTY, ILLINOIS
**CSGA LLC**
**BRONSON & MIGLIACCIO LLP**

129. WILLIAMS;JACQUELINE, 08SC 0000269, 2/15/2008, JUDGMENT, SANGAMON COUNTY, ILLINOIS
**CSGA LLC**

130. MISHLER,MARY, 08SC9, SMALL CLAIMS JUDGMENT, 01/30/2008, IL JUDGMENTS AND LIENS
**CSGA LLC**

131. ELAM,JASON, 08SC000027, SMALL CLAIMS JUDGMENT, 01/29/2008, IL JUDGMENTS AND LIENS
**CSGA**

132. BENNETT,NICOLE, 08SC000031, SMALL CLAIMS JUDGMENT, 01/29/2008, IL JUDGMENTS AND LIENS
**CSGA**

133. BENNETT,SYDNEY, 08SC000031, SMALL CLAIMS JUDGMENT, 01/29/2008, IL JUDGMENTS AND LIENS
**CSGA**

134. PISZCZEK,ADAM, 08SC000033, SMALL CLAIMS JUDGMENT, 01/29/2008, IL JUDGMENTS AND LIENS
**CSGA**

135. RODRIGUEZ,ANGELAC, 08SC000035, SMALL CLAIMS JUDGMENT, 01/29/2008, IL JUDGMENTS AND
LIENS
**CSGA**

136. ADAMS,HELEN, 08LM52, CIVIL JUDGMENT, 02/11/2008, IL JUDGMENTS AND LIENS
**CSGA LLC**

137. STEAR,RONALD, 08SC118, SMALL CLAIMS JUDGMENT, 02/11/2008, IL JUDGMENTS AND LIENS
**CSGA LLC**

138. HULL,HAROLD, 08SC11, SMALL CLAIMS JUDGMENT, 03/05/2008, IL JUDGMENTS AND LIENS
**CSGA LLC**

139. SUPRENANT,ARMAND Jr, 08SC46, SMALL CLAIMS JUDGMENT, 02/01/2008, IL JUDGMENTS AND
LIENS
**CSGA LLC**

<u>APPENDIX C</u>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| LINDA TELLIS, | ) | |
| individually and on behalf of the class | ) | |
| defined herein, | ) | 08-cv-2854 |
| | ) | |
| Plaintiff, | ) | Judge Darrah |
| | ) | Magistrate Judge Cox |
| vs. | ) | |
| | ) | |
| CSGA, LLC; | ) | |
| BRONSON & MIGLIACCIO, LLP, | ) | |
| H. BRUCE BRONSON, JR. and | ) | |
| RICHARD J. MIGLIACCIO, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

**1.**　　Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 9 associates.

**2.**　　**Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School.  From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases).  In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982.  From the end of 1985 he has been in private practice in downtown Chicago.  Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions.  He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Payday Loans:  Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection:  The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law

Institute (1996); author of <u>Automobile Leasing:  Problems and Solutions</u>, 7 Loy.Consumer
L.Rptr. 14 (1994); author of <u>Current Trends in Residential Mortgage Litigation</u>, 12 Rev. of
Banking & Financial Services 71 (April 24, 1996); author of <u>Applicability of Illinois Consumer
Fraud Act in Favor of Out-of-State Consumers</u>, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of
<u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A.
Weinberg, <u>Attorney Liability Under the Fair Debt Collection Practices Act</u> (Chicago Bar Ass'n
1996); author of <u>The Fair Debt Collection Practices Act:  Recent Developments</u>, 8
Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights
Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer
Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994).   He is a member of the
Illinois bar and admitted to practice in the following courts: United States Supreme Court,
Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of
Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of
Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court
of Appeals, United States District Courts for the Northern and Southern Districts of Indiana,
United States District Courts for the Northern, Central, and Southern Districts of Illinois, United
States District Court for the District of Arizona, United States District Court for the District of
Connecticut, and the Supreme Court of Illinois.  He is a member of the Northern District of
Illinois trial bar.

   **3.**  **Cathleen M. Combs** is a 1976 graduate of Loyola University Law
School.  She formerly supervised the Northwest office of the Legal Assistance Foundation of
Chicago, where she was lead or co-counsel in class actions in the areas of unemployment
compensation, prison law, social security law, and consumer law.  She joined what is now
Edelman, Combs, Latturner & Goodwin, LLC in early 1991.  Decisions in which she was
involved prior to joining the firm include:  <u>Johnson v. Heckler</u>, 607 F.Supp. 875 (N.D.Ill. 1984),
and 100 F.R.D. 70 (N.D. Ill. 1983); <u>Sanders v. Shephard</u>, 185 Ill.App.3d 719, 541 N.E.2d 1150
(1st Dist. 1989); <u>Maller v. Cohen</u>, 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); <u>Wright
v. Department of Labor</u>, 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); <u>Barron v. Ward</u>,
165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); <u>City of Chicago v. Leviton</u>, 137 Ill.App.3d
126, 484 N.E.2d 438 (1st Dist. 1985); <u>Jude v. Morrissey</u>, 117 Ill.App.3d 782, 454 N.E.2d 24 (1st
Dist. 1983).  She is a member of the Northern District of Illinois trial bar.

   **4.**  **James O. Latturner** is a 1962 graduate of the University of Chicago Law
School.  Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem,
Schwanes & Thuma.  From 1969 to 1995 he was Deputy Director of the Legal Assistance
Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel
in over 30 class actions.  His publications include Chapter 8 ("Defendants") in <u>Federal Practice
Manual for Legal Services Attorneys</u> (M. Masinter, Ed., National Legal Aid and Defender
Association 1989); <u>Governmental Tort Immunity in Illinois</u>, 55 Ill.B.J. 29 (1966); <u>Illinois Should
Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations</u>, 2 Loy.Consumer L.Rep.
64 (1990), and <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996).  He has taught in a nationwide
series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting
four days and designed for attorneys with federal litigation experience.  He has argued some 30

appeals, including two cases in the United States Supreme Court and two in the Illinois Supreme Court.  Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers.  He is a member of the Northern District of Illinois trial bar.

5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991).  She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.**  Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.IL 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803  (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL);  Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996).  She is a member of the Northern District of Illinois trial bar.

6.    **Michelle R. Teggelaar**  is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:**  Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D. Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572  (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D. Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

7.    **Associates**

a.    **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** <u>Johnson v. Thomas</u>, 342 Ill. App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); <u>Jolly v. Shapiro & Kreisman</u>, 237 F. Supp. 2d 888 (N.D. Ill. 2002); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u> 2002 WL 215530 (N.D. Ill. 2002); <u>Jiang v. Allstate Ins. Co.</u> (199 F.R.D. 267); <u>Hill v. AMOCO Oil Co.</u> 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003)**;** <u>Roquet v. Arthur Anderson LLP</u> 2002 WL 1900768 (N.D. Ill. 2002); <u>White v. Financial Credit, Corp.</u> 2001 WL 1665386 (N.D. Ill.); <u>Ransom v. Gurnee Volkswagen</u> 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); <u>Doxie v. Impac Funding Corp.</u> 2002 WL 31045387 (N.D. Ill. 2002); <u>Levin v. Kluever & Platt LLC</u> 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); <u>Pleasant v. Risk Management Alternatives</u> 2003 WL 22175390 (N.D. Ill. 2003); <u>Jenkins v. Mercantile Mortgage</u> 231 F. Supp. 2d 737 (N.D. Ill. 2002); <u>Hobson v. Lincoln Ins. Agency, Inc.</u> 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), <u>Anderson v. Lincoln Ins. Agency</u> 2003 WL 291928, <u>Hobson v. Lincoln Ins. Agency</u> 2003 WL 338161 (N.D. Ill. 2003);  <u>Handy v. Anchor Mortgage Corp.</u>, 464 F.3d 760 (7th Cir. 2006).  He is a member of the Northern District of Illinois trial bar.

b.    **Julie Clark** (neé Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** <u>Qualkenbush v. Harris Trust & Savings Bank</u> 219 F. Supp.2d 935 (N.D. Ill.,2002); <u>Covington-McIntosh v. Mount Glenwood Memory Gardens</u> 2002 WL 31369747 (N.D.I ll.,2002), 2003 WL 22359626 (N.D. Ill. 2003); <u>Ballard Nursing Center, Inc.  v. GF Healthcare Products, Inc.</u>, 2007 U.S. Dist. LEXIS 84425 (N.D. Ill. Nov. 14, 2007); <u>Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.</u>, No. 1-07-0684, 2007 Ill. App. LEXIS 1194 (Ill. App. 1st Dist. Nov. 13, 2007).

c.    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** <u>Clark v. Experian Info. Solutions, Inc.</u>, 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004); <u>DeFrancesco v. First Horizon Home Loan Corp.</u>, 2006 U.S. Dist. LEXIS 80718 (S.D. Ill. Nov. 2, 2006); <u>Jeppesen v. New Century Mortgage Corp.</u>, 2006 U.S. Dist. LEXIS 84035 (N.D. Ind. Nov. 17, 2006); <u>Benedia v. Super Fair Cellular, Inc.</u>, 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. Sept. 26, 2007).

d.    **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:**  <u>Murray v. Sunrise Chevrolet, Inc.</u>, 441 F.Supp.2d 940 (N.D. Ill. 2006); <u>Iosello v. Leiblys, Inc.</u>, 502 F. Supp.2d 782 (N.D. Ill. 2007); <u>Claffey v. River Oaks Hyundai, Inc.</u>, 486 F. Supp.2d 776 (N.D. Ill. 2007).

e.    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** <u>Pietras v. Sentry Ins. Co.</u>, 513 F. Supp.2d 983 (N.D. Ill. 2007); <u>Hernandez v. Midland Credit Mgmt.</u>, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Sept. 25, 2007); <u>Balogun v. Midland Credit Mgmt.</u>, 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. Oct. 5, 2007).

**f.** **Tiffany N. Hardy** (admitted NY, DC, IL) is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001).

**g.** **Zachary Jacobs** is a graduate of the University of South Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

**h.** **Rupali Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois College of Law (J.D. 2007).

**i.** **Michael J. Aschenbrener** is a graduate of the University of Minnesota (B.A. 2001) and the Chicago-Kent College of Law, Illinois Institute of Technology (J.D. May 2007).

**8.** The firm also has 15 legal assistants, as well as other support staff.

**9.** Since its inception, the firm has recovered more than $500 million for consumers.

**10.** The types of cases handled by the firm are illustrated by the following:

**11.** **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); Robinson v. Empire of America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

**12.** The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

5

**13.**    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

**14.    Bankruptcy:**  The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric.  Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher  v. Lechmere Inc., 1:97cv3065, (N.D.Ill.).  These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment.  Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

**15.    Automobile sales and financing practices:**  The firm has brought many cases challenging practices relating to automobile sales and financing, including:

> **a.**    Hidden finance charges resulting from pass-on of discounts on auto purchases.  Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

> **b.**    Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

> **c.**    Spot delivery.  Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994);  Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

> **d.**    Force placed insurance.  Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

> **e.**    Improper obligation of cosigners.  Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

> **f.**    Evasion of FTC holder rule.  Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist.

LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

16. These cases also had a substantial effect on industry practices. The warranty cases, such as <u>Grimaldi</u>, <u>Gibson</u>, <u>Slawson</u>, <u>Cirone-Shadow</u>, <u>Chandler</u>, and <u>Shields</u>, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

17. **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); <u>Williams v. Chartwell Fin. Servs.</u>, 204 F.3d 748 (7th Cir. 2000); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u>, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); <u>Gilkey v. Central Clearing Co.</u>, 202 F.R.D. 515 (E.D.Mich. 2001); <u>Van Jackson v. Check 'N Go of Ill., Inc.</u>, 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); <u>Henry v. Cash Today, Inc.</u>, 199 F.R.D. 566 (S.D.Tex. 2000); <u>Donnelly v. Illini Cash Advance, Inc.</u>, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); <u>Jones v. Kunin</u>, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); <u>Davis v. Cash for Payday</u>, 193 F.R.D. 518 (N.D.Ill. 2000); <u>Reese v. Hammer Fin. Corp.</u>, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); <u>Pinkett v. Moolah Loan Co.</u>, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); <u>Gutierrez v. Devon Fin. Servs.</u>, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); <u>Vance v. National Benefit Ass'n</u>, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

18. **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

     **a.** Phony nonfiling insurance. <u>Edwards v. Your Credit Inc.</u>, 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); <u>Adams v. Plaza Finance Co.</u>, 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); <u>Johnson v. Aronson Furniture Co.</u>, 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

     **b.** The McCarran Ferguson Act exemption. <u>Autry v. Northwest Premium Services, Inc.</u>, 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

     **c.** Loan flipping. <u>Emery v. American General</u>, 71 F.3d 1343 (7th Cir. 1995). <u>Emery</u> limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

     **d.** Home improvement financing practices. <u>Fidelity Financial Services, Inc. v. Hicks</u>, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal

denied, 141 Ill.2d 539, 580 N.E.2d 112; <u>Heastie v. Community Bank of Greater Peoria</u>, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). <u>Heastie</u> granted certification of a class of over 6,000 in a home improvement fraud case.

      **e.**     Arbitration clauses.  <u>Wrightson v. ITT Financial Services</u>, 617 So.2d 334 (Fla. 1st DCA 1993).

      **f.**     Insurance packing.  <u>Elliott v. ITT Corp.</u>, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

      **19.**     **Automobile leases:**  The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include <u>Lundquist v. Security Pacific Automotive Financial Services Corp.</u>, Civ. No. 5:91-754 (TGFD) (D.Conn.), <u>aff'd</u>, 993 F.2d 11 (2d Cir. 1993); <u>Kedziora v. Citicorp Nat'l Services, Inc.</u>, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); <u>Johnson v. Steven Sims Subaru and Subaru Leasing</u>, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); <u>McCarthy v. PNC Credit Corp.</u>, 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); <u>Kinsella v. Midland Credit Mgmt., Inc.</u>, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); <u>Highsmith v. Chrysler Credit Corp.</u>, 18 F.3d 434 (7th Cir. 1994); <u>Black v. Mitsubishi Motors Credit of America, Inc.</u>, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); <u>Simon v. World Omni Leasing Inc.</u>, 146 F.R.D. 197 (S.D.Ala. 1992).  Settlements in such cases include <u>Shepherd v. Volvo Finance North America, Inc.</u>, 1-93-CV-971 (N.D.Ga.)($8 million benefit); <u>McCarthy v. PNC Credit Corp.</u>, 291 CV 00854 PCD (D.Conn.); <u>Lynch Leasing Co. v. Moore</u>, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); <u>Blank v. Nissan Motor Acceptance Corp.</u>, 91 L 8516 (Circuit Court of Cook County, Illinois); <u>Mortimer v. Toyota Motor Credit Co.</u>, 91 L 18043 (Circuit Court of Cook County, Illinois); <u>Duffy v. Security Pacific Automotive Financial Services, Inc.</u>, 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

      **20.**     <u>Lundquist</u> and <u>Highsmith</u> are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act.  As a result of the <u>Lundquist</u> case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

      **21.**     **Collection practices:**  The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual.  Decisions in these cases include: <u>Jenkins v. Heintz</u>, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); <u>Johnson v. Revenue Management Corp.</u>, 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); <u>Keele v. Wexler & Wexler</u>, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996)

(class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); Young v. Citicorp Retail Services, Inc., 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);Davis v. Commercial Check Control, Inc., 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995). Settlements in such cases include Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and Cramer v. First of America Bank Corporation, 93 C 3189 (N.D.Ill.).

22.     Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act.  I argued it before the Supreme Court and Seventh Circuit.  Avila v. Rubin is a leading decision on phony "attorney letters."

23.     **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions.  One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.   Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Murray v. GMAC Mortgage Corp., 05 C 1229, _____ F.Supp.2d _____, 2007 U.S. Dist. LEXIS 26726 (N.D.Ill. April 10, 2007); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind.,  April 12, 2007); In re Ocean Bank, 06  C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion,  2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19,

2006); <u>Bonner v. Home 123 Corp.</u>, 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); <u>Murray v. Sunrise Chevrolet , Inc.</u>, 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and <u>Murray v. Finance America, LLC</u>, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006). More than 15 such cases have been settled on a classwide basis.

     **24.**    **Class action procedure:** Important decisions include <u>Crawford v. Equifax Payment Services, Inc.</u>, 201 F.3d 877 (7th Cir. 2000); <u>Blair v. Equifax Check Services, Inc.</u>, 181 F.3d 832 (7th Cir. 1999); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (7th Cir. 1997); and <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

     **25.**    **Landlord-tenant:** The firm has brought a number of class actions against landlords for various matters including failing to pay interest on security deposits or commingling security deposits, breach of the warranty of habitability, improper late charges, and various violations of the CRLTO. Reported decisions include: <u>Wang v. Williams</u>, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); <u>Onni v. Apartment Management and Investment Co.</u>, 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2d Dist. 2003) (case challenging improper late charges, which later settled on a class basis for $200,000); <u>Dickson v. West Koke Mill Village P'Ship</u>, 329 Ill.App.3d 341 (4th Dist. 2002). Illustrative cases include: <u>Hale v. East Lake Management & Developmental Corp., et al.</u>, 00 CH 16139, in the Cook County Circuit Court, Judge Madden granted class certification for tenants who had not been paid their security deposit interest after the end of each twelve month rental period. The East Lake case later settled on a classwide basis for over $400,000.

     **26.**    Some of the other reported decisions in our cases include: <u>Elder v. Coronet Ins. Co.</u>, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); <u>Smith v. Keycorp Mtge., Inc.</u>, 151 Bankr. 870 (N.D.Ill. 1992); <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); <u>Armstrong v. Edelson</u>, 718 F.Supp. 1372 (N.D.Ill. 1989); <u>Newman v. 1st 1440 Investment, Inc.</u>, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); <u>Mountain States Tel. & Tel. Co. v. District Court</u>, 778 P.2d 667 (Colo. 1989); <u>Disher v. Fulgoni</u>, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); <u>Harman v. Lyphomed, Inc.</u>, 122 F.R.D. 522 (N.D.Ill. 1988); <u>Haslam v. Lefta, Inc.</u>, 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); <u>Source One Mortgage Services Corp. v. Jones</u>, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

     **27.**    Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. <u>Elder v. Coronet Insurance</u> held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

_____

Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\430\pleading\MODEL Declaration of DAE w_o p 28-35_pleading.WPD

11