IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA TELLIS, individually and on behalf of the class defined herein, ) ) ) | |
| Plaintiff, ) ) | Case No.: 08 CV 2854 |
| v. ) ) | Judge: Darrah |
| CSGA, LLC, BRONSON & MIGLIACCIO, LLP, H. BRUCE BRONSON, JR. and RICHARD J. MIGLIACCIO, ) ) ) ) | Magistrate Judge Cox |
| Defendant. ) | |

**DEFENDANTS' MOTION TO STAY
PURSUANT TO COLORADO RIVER DOCTRINE**

Defendants, CSGA, LLC, Bronson & Migliaccio, LLP, H. Bruce Bronson, Jr and Richard J. Migliaccio, by and through their attorneys David M. Schultz and Jennifer W. Weller, move to stay plaintiff's complaint pursuant to Rule 12(b)(1)[1], pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and state as follows:

**I. INTRODUCTION**

Plaintiff claims that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f ("FDCPA"), Illinois Collection Agency Act, 225 ILC 425/8b ("ICAA") and Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") by filing a state court lawsuit for collection of a debt from her without attaching an assignment document that complies with §8b of the ICAA to the collection complaint. (See Plaintiff's Complaint, referred to hereafter as "Compl."). Essentially, plaintiff's FDCPA and ICFA claims are derivative of plaintiff's ICAA claims.

---

[1] Should this court deny the motion to stay, Defendants reserve the right to move to dismiss plaintiff's claims pursuant to Rule 12(b)(6).

Plaintiff's ICAA claim, and therefore plaintiff's FDCPA and ICFA claims, fail for multiple reasons. The foremost reason plaintiff's claims fail is because the ICAA does not apply to defendants for various legal and factual reasons. These "Illinois state court" issues are currently being litigated in state court in the collection action, *CSGA, LLC v. Linda Tellis*, Case No. 08-M1-128585. CSGA filed suit against Tellis for collection of her Citifinancial debt. Tellis has moved to dismiss the complaint pursuant to 735 ILCS 5/2-619 challenging whether CSGA has standing to sue her due to operation of the ICAA after amendments made to it by the Illinois state legislature on January 1, 2008. *See* Tellis' 2-619 Motion to Dismiss, attached hereto as Exhibit A [exhibits omitted]. The court has entered a briefing scheduling on the motion as follows: CSGA's response is due July 17, 2008[2], Tellis's reply is due August 7, 2008 and the hearing on the motion is set for August 21, 2008 at 2:30 p.m.

Defendants request this case be stayed pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), while the state court resolves whether the ICAA applies to CSGA. While the law firm of Bronson & Migliaccio and attorneys Bronson and Migliaccio are not parties in the state court complaint, the allegations against them in this action arise solely from the claim that they were filing suit on behalf of CSGA, knowing that CSGA was not in compliance with the ICAA. Accordingly if the state court determines that CSGA is in compliance with the ICAA, plaintiff's claims against the law firm and its attorneys will be moot.

## II. SUMMARY OF RELEVANT ALLEGATIONS OF COMPLAINT

Defendant CSGA, LLC is alleged to be a "collection agency" as defined in the ICAA, (Compl., ¶27), and is alleged to have engaged in the business of purchasing charged-off

---

[2] Since CSGA's response brief is due the same day as this motion, the response has not been attached to this motion, but CSGA will supplement this motion with its response once it has received a file-stamped copy from the court.

consumer debts and attempting to collect them. (Compl., ¶22). Plaintiff alleges that Bronson & Migliaccio, LLP files lawsuits on behalf of CSGA, that it is a debt collector and that its acts are attributable to its general partners Bronson and Migliaccio. (Compl., ¶¶14,30,31).

On or about April 8, 2008, CSGA filed suit through its counsel Bronson & Migliaccio against Tellis in the Circuit Court of Cook County to collect a $10,187.41 CitiFinancial debt from her. (A copy of the state court complaint is attached hereto as Exhibit B, see also Compl., ¶32). The state court complaint did not attach an assignment. (Ex. B, Compl., ¶33). Plaintiff alleges that defendants violated §8b of the ICAA because they did not attach an assignment to the state court pleading. (Compl., ¶59). Plaintiff also claims that defendants' alleged violations of the ICAA constitute unfair and deceptive acts or practices under the FDCPA and ICFA. (Compl., ¶¶51, 65).

### III. PLAINTIFF'S CASE SHOULD BE STAYED PENDING RESOLUTION OF THE STATE COURT LITIGATION

Federal litigation can be stayed in exceptional circumstances pending the outcome of a parallel case as a matter of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Under a two part analysis, the court must first consider "whether the concurrent state and federal actions are actually parallel." *Clark v. Lacy*, 376 F.3d 682 (7th Cir. 2004)(citations omitted). If they are parallel, the court must consider a number of non-exclusive factors that demonstrate the existence of "exceptional circumstances*." Id., citing LaDuke v. Burlington N.R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989). Here, this analysis demonstrates a stay is appropriate.

### A. Plaintiff's state and federal actions are parallel.

Two suits are considered "'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Clark*, 376 F.3d at 686 *citing Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). A court "look[s] not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Liebert Corp. v. Mazur*, 2004 WL 2095666 (N.D.Ill.2004), *citing Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691, 695 (7th Cir. 1985). Plaintiff's state and federal cases are parallel.

Plaintiff Tellis is the sole defendant in the state court collection litigation pending in Cook County's municipal department. (Ex. A, B). Plaintiff retained Edelman, Combs Latturner & Goodwin LLC ("Edelman") to defend her state case and to prosecute this one. Although Bronson & Migliaccio and attorneys Bronson and Migliaccio are not parties to the state court action, they are the attorneys representing CSGA in that action and all of plaintiff's claims against them here stem from the fact that they filed the state court complaint.

Similarly, both cases have parallel issues, namely whether the ICAA applies to CSGA due to the Illinois legislature's January 1, 2008 amendments to the Act. (Exs. A, B). In addition, if the ICAA is held not to apply to CSGA, then plaintiff's claims against Bronson & Migliaccio and its attorneys are moot because those claims rest solely on whether the state court lawsuit was filed in derogation of the ICAA. Plaintiff thus seeks to have this Court consider the facts and legal issues (pertaining to the applicability of an Illinois state statute) that are concurrently before the state court. It is inappropriate for two separate forums, federal and state court, to simultaneously preside over the same parties to decide these parallel issues of fact and law.

## B. Exceptional circumstances favor deference to state court.

There are ten factors a district court can consider when deciding whether "exceptional circumstances" exist to justify deference to the state courts under the *Colorado River* doctrine. *LaDuke*, 879 F.2d at 1559. They are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Id*. The foregoing factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id., citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983). Factors 1, 2 and 9 do not apply here. The remaining 7 factors are applicable and support entry of an order staying the federal case.

### 1. Litigating in federal court would create piecemeal litigation. (Factor 3)

If this Court accepts jurisdiction here, piecemeal litigation would result. Piecemeal litigation occurs when different tribunals consider the same issue, duplicate efforts and possibly reaching different results. *LaDuke*, 879 F.2d at 1560, *citing Day v. Union Mines, Inc.*, 862 F.2d 652, 659 (7th Cir. 1988); *See Dayton Hudson Corp. v. Chicago Flood Executive Committee*, No. 95 C 6779, 1996 WL 451310 (N.D.Ill. Aug. 6, 1996). Two courts here are presented with the issue of whether the Illinois legislature's January 1, 2008 amendments to the ICAA make it applicable to CSGA, and as a result whether CSGA needed to be licensed to be a plaintiff in state court and whether CSGA had standing to sue plaintiff in state court pursuant to the ICAA.

Therefore, this is a case of simultaneous litigation of parallel issues in the state and federal courts, which is "unseemly" and a "grand waste" of the efforts of the parties and the courts. *LaDuke*, 879 F.2d at 1560, *citing Microsoftware Computer Sys. v. Ontel Corp.*, 686 F.2d 538 (7th Cir. 1982), o*verruled on other grounds, Gulf Stream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Not only is the litigation of parallel federal and state court lawsuits a threat to judicial economy, "[t]he legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691, 694 (7th Cir. 1985).

## 2. Cook County Municipal Department obtained jurisdiction first. (Factor 4)

In April, 2008, CSGA's collection attorneys filed suit against plaintiff in state court. (Ex. B). Plaintiff Tellis filed this federal court action on May 16, 2008. Thus, the state court obtained jurisdiction over the facts and legal theories presented by plaintiff before she sued defendants in federal court, which weighs in favor of a stay of the federal litigation.

## 3. State law governs the case. (Factor 5)

Here, the governing law is the ICAA. The FDCPA and ICFA claims are derivative of plaintiff's ICAA claims. (Compl., Counts I, III). Plaintiff is asking this Court to decide whether the Illinois legislature's January 1, 2008 amendments to a state statute, the ICAA, affected CSGA's standing to be a plaintiff in an Illinois state court collection lawsuit, and furthermore, whether the manner in which CSGA's attorneys acted in state court is procedurally proper under the ICAA. These state law issues are before the state court judge and should be decided there on the already pending 2-619 motion to dismiss which addresses CSGA's standing. (Exs. A & B).

**4.　　Plaintiff's rights are protected by resolving her case in state court.　(Factor 6)**

The claims and legal theories plaintiff raises in federal court in her complaint are essentially the same issues raised in the state court case, namely whether the ICAA (post-January 1, 2008) allows entities like CSGA to sue to collect debt (through collection attorneys) in state court and whether the ICAA restricts the manner and method in which CSGA's attorneys file suit. These issues are before the state court judge in plaintiff's motion to dismiss. (Exs. A & B). The very fact that plaintiff, through Edelman, her attorney in both the state and federal case, filed the motion to dismiss, is evidence that plaintiff's rights can be and are being protected (and properly determined) in state court. The interpretation of the Illinois state statute and its recent amendments is also properly within the province of the Illinois state court.

**5.　　The state case has been pending longer than the federal case.　(Factor 7)**

As previously stated, CSGA's collection attorneys filed suit against plaintiff in state court on April 8, 2008. (Ex. B, Compl., ¶32). Tellis filed a Motion to Dismiss on or about June 4, 2008. Thus, the state court case has been pending longer and a motion to dismiss is pending. (Ex. A). Pursuant to the *Colorado River Doctrine*, plaintiff's federal case should be stayed pending the resolution of the state case.

**6.　　Litigating both cases creates concurrent jurisdiction.　(Factor 8)**

As has been demonstrated above, the legal issues pending in both cases are the same. This has resulted in simultaneous litigation of parallel issues in the state and federal courts and concurrent jurisdiction. Either court can rule on the applicability of the ICAA to defendants and either court can analyze the ICAA to determine whether defendants complied with it.

7

7.  **The federal case is duplicative of the state case. (Factor 10)**

While the federal case is not necessarily vexatious, it is duplicative of the facts and legal issues involved in the state court case for the reasons argued above.

WHEREFORE, defendants respectfully request this Court enter an Order staying this matter pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

Respectfully submitted,

By: s/David M. Schultz
David M. Schultz
One of the Attorneys for Defendants

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

# EXHIBIT A

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | | |
|---|---|---|
| CSGA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | 08 M1 128585 |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA TELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LINDA TELLIS' §2-619
MOTION TO DISMISS FOR LACK OF STANDING**

Defendant Linda Tellis respectfully requests, pursuant to 735 ILCS 5/2-619(a)(2) and (9), that the Court dismiss this action with prejudice on the ground that the plaintiff, CSGA, LLC, is required to but does not have a collection agency license and thus lacks standing to sue.

The grounds for this motion are as follows:

1. Plaintiff CSGA, LLC is engaged in the business of purchasing alleged charged-off consumer debts and filing lawsuits against the putative debtors to collect the alleged debts.

2. Plaintiff CSGA, LLC has filed, since January 1, 2008, dozens of lawsuits against residents of Illinois. <u>Appendix A</u> is a printout of the Cook County Circuit Court listing of its filings. Other cases have been filed in other counties.

3. The complaint in this case alleges that CSGA, LLC is the assignee of a "consumer loan agreement" originated by another entity.

4. CSGA, LLC is therefore a "collection agency" as defined in the

1

Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"). Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same." Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same". By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as CSGA, LLC, who buy charged-off debts for their own account. See Attorney General Madigan's September 17, 2007 press release, Appendix B.

5. Plaintiff CSGA, LLC does not hold a collection agency license. See "license lookup" screen from the Division of Professional Regulation Web site, Appendix C.

6. Section 4 of the ICAA, 225 ILCS 425/4, provides:

> Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.

7. The ICAA expressly regulates litigation by "collection agencies." ICAA §§8a-1, 225 ILCS 425/8a-1; and 8b, 225 ILCS 425/8b. The filing of dozens of lawsuits by a debt purchaser such as CSGA, LLC therefore constitutes engaging in the business of collecting and exercising the right to collect.

2

8. Sections 14 and 14b of the ICAA, 225 ILCS 425/14 and 14b, make it a crime to engage in the business of a collection agency without a license. (It is a Class A misdemeanor for the first offense and a felony for subsequent offenses.)

9. Section 14a, 225 ILCS 425/14a, provides:

Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.

10. "It is well settled that courts will not aid a plaintiff who bases his cause of action on an illegal act." Chatham Foot Specialists, P.C. v. Health Care Serv. Corp., 216 Ill. 2d 366, 380, 837 N.E.2d 48 (2005). Where a license is required to engage in a business or professional for the protection of the public, one engaging in the business or profession without the required license is barred from maintaining a lawsuit. "On numerous occasions, Illinois

3

courts have held that, where a licensing requirement has been enacted not to generate revenue, but rather to safeguard the public by assuring them of adequately trained practitioners, the unlicensed party may not recover fees for services or otherwise enforce a contract." Chatham, supra, 216 Ill. 2d 366, 381, 837 N.E.2d 48 (2005).

11. The licensing requirements of the ICAA were imposed to protect the public. In addition to the declaration in §14a, 225 ILCS 425/14a, the public policy represented by the ICAA is stated in §1a, 225 ILCS 425/1a:

> Declaration of public policy
>
> Sec. 1a. The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.
>
> It is further declared to be the public policy of this State to protect consumers against debt collection abuse.

12. Accordingly, plaintiff, an unlicensed collection agency, has no right to sue or to invoke the assistance of this Court for its unlawful business activities, declared by the General Assembly to constitute a crime, 225 ILCS 425/14 and 14b, and "to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare." 225 ILCS 425/14a. Defendant is entitled to judgment.

WHEREFORE, the Court should dismiss this action with prejudice on the ground that the plaintiff, CSGA, LLC, lacks standing to sue.

Respectfully submitted,

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106 (Cook)
Atty. No. 9425 (DuPage)

T:\21399\Pleading\defendant's motion to dismiss.wpd

# EXHIBIT B

Case 1:08-cv-02854   Document 23-3   Filed 07/17/2008   Page 1 of 4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL DISTRICT

| | |
|---|---|
| CSGA, LLC,<br>　　　　Plaintiff, | Return Date: May 8, 2008 |
| vs. | No.　08 M1　128585 |
| Linda Tellis,<br>　　　　Defendant, | Amount Claimed: $10,187.41<br>and Cost of Suit |

COMPLAINT

NOW comes Plaintiff, CSGA, LLC by counsel, Bronson & Migliaccio, LLC, and in support of its Complaint against Defendant, Linda Tellis, states as follows:

1. That at all relevant times hereto, Plaintiff, CSGA, LLC is a limited liability company with its principal place of business located at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey.

2. That Defendant, was and is a natural person believed to be residing at a location within Cook County and venue is proper in Cook County.

3. That Defendant entered into a consumer loan agreement ("Agreement") with CitiFinancial, designated by Account Number 4309540391719.

4. That Plaintiff is the owner and holder of the account by virtue of an assignment from Plaintiff's predecessor(s) made on or about August 1, 2007.

**THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

(1)

5. That Defendant is in breach of said Agreement by its failure to make timely payments as required under the terms of said Agreement.

6. That at the date of the filing of this cause of action, there is due to Plaintiff from Defendant the sum of $10,187.41 calculated on as follows; $7,722.34 owed on the date of charge off plus accrued interest in the amount of $2,465.07 at a per annum interest rate of 12.00% from April 25, 2005 as set forth in Plaintiff's Account Information Report attached hereto as EXHIBIT "A".

7. That Plaintiff has made demand on Defendant for payment of all monies due to Plaintiff, and said demand has been refused.

**WHEREFORE**, Plaintiff, CSGA, LLC prays that this Honorable Court enter an Order granting the following:

A. That an Order of Judgment be entered in favor of Plaintiff, CSGA, LLC and against Defendant, Linda Tellis in the amount of $10,187.41 plus cost of suit.

B. And any further relief that this Court finds is fair and equitable.

John C. Bonewicz, Esq.

Bronson & Migliaccio, LLP
799 Roosevelt Road, Bldg. 6, #316A
Glen Ellyn, Illinois 60137
(630) 469-5246
(800) 834-4066
Atty. Code. 43850

(2)

## ACCOUNT INFORMATION REPORT

| | | |
|---|---|---|
| ACCOUNT#: 14399335070800104 | | FINANCIAL |

| | | |
|---|---|---|
| Forwarder: CSGA, LLC | | Placement |
| Acct#: 4309540391719 | | 08/01/2007         $7,722.34 |
| | | Last Payment |
| Original Creditor: CITIFINANCIAL | |                              $0.00 |
| Debt Type: CL | | Principal           $7,722.34 |
| | | Interest            $2,465.07 |
| | | Attorney               $0.00 |
| STATUS: PRE-LEGAL | | Court                  $0.00 |
| | WIP#      Days Left | Misc                   $0.00 |
| Assigned to: CSGALIT_IL | 0            0 | |
| | | BALANCE            $10,187.41 |

### Personal Information

| | | | | |
|---|---|---|---|---|
| Debtor 1 | First | | MI | Last Name |
| | LINDA | | F | TELLIS |
| Address | 8830 S WINCHESTER AVE | | | |
| City | CHICAGO | | ST IL | Zip 60620-5447 |
| Country | USA | | Province | |
| Work Tel | | | Home Tel (███████████) | |
| Ext | | | Fax | |
| SS# | ███████████ | | Driver's License # | |
| DOB | ███████████ | | State | |
| Spouse | | | | |

### Debt

Service Provided  CONSUMER LOANS

#### Placement Breakdown

| | | | |
|---|---|---|---|
| Principal | $7,722.34 | Debt Type  CL | |
| Awarded Int | | | |
| Attorney Fees | | | |
| Court Costs | | Last Payment Date | 08/25/2004 |
| Misc Costs | | Last Payment Amount | |
| Accrued Int | $2,104.71 | Last Charge Date | |
| Total Placement | $7,722.34 | Last Charge Amount | |

#### Original Loan Terms

| | | | |
|---|---|---|---|
| Contract Date | | Original Loan Amount | |
| Number of Payments | | Amount of Payments | |
| Interest Rate % | 12.00 | Serial/Vin Number | |
| Collateral | | | |

Page 1 of 1                                                02/11/2008 04:26:58

EXHIBIT A